IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. PAUL GENSLEY, Defendant. | No. 19-CR-86-CJW-MAR<br><br>**ORDER** |

## I. INTRODUCTION

This matter is before the Court on a Report and Recommendation ("R&R") of the Honorable Mark A. Roberts, United States Magistrate Judge, filed on May 12, 2020. (Doc. 64). In his R&R, Judge Roberts recommends this Court deny defendant's Motion to Withdraw Guilty Plea filed on April 20, 2020. (Doc. 52). On May 26, 2020, defendant timely objected to Judge Roberts' R&R. (Doc. 69). For the following reasons, the Court **overrules** defendant's objections (Doc. 69), **adopts** Judge Roberts' R&R without modification (Doc. 64), and **denies** defendant's motion (Doc. 52).

## II. RELEVANT BACKGROUND

On August 20, 2019, a grand jury issued an Indictment charging defendant with one count of conspiracy to distribute a controlled substance in violation of Title 21, United States Code, Section 846 ("Count 1") and two counts of possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1). (*Id.*, at 1-2). On December 2, 2019, defendant pleaded guilty to Count 1 of the Indictment before Judge Roberts. (Doc. 21). Defendant pleaded guilty pursuant to a written plea agreement. (Doc. 23). On December 17, 2019, the Court accepted defendant's guilty plea. (Doc. 24). On January 28, 2020, the United States Probation

1

Office ("USPO") issued defendant's draft presentence investigation report ("PSR") (Doc. 26), to which both parties issued objections (Docs. 27 & 28). On March 3, 2020, the USPO issued defendant's final PSR. (Doc. 29).

On April 20, 2020, defendant moved to withdraw his guilty plea. (Doc. 52). Defendant asserted he "did not understand the full ramifications of his plea, including the nature of the offense . . . , the statutory penalties, and the calculation of the sentencing guidelines." (*Id.*, at 1). Thus, defendant argued his plea was "unknowing and/or involuntary." (*Id.*). On April 27, 2020, the government timely filed a resistance. (Doc. 55). Therein, the government argued any claim by defendant of confusion about the drug quantity element or dissatisfaction with defense counsel are belied by his statements in the plea agreement, statements at his change of plea hearing, and his extensive experience in the criminal justice system. (*Id.*, at 2-5). The government also noted defendant did not claim actual innocence, there was substantial delay between defendant's plea and his motion to withdraw, and the government would be prejudiced by withdrawal at this stage. (*Id.*, at 6-7). On May 5, 2020, Judge Roberts held a hearing on defendant's motion to withdraw. (Doc. 62). At the hearing, defendant elaborated on his motion, arguing he did not understand the drug quantity element, was dissatisfied with defense counsel, and is innocent of the offense in Count 1. (Doc. 67, at 4-5, 9). On May 12, 2020, Judge Roberts issued his R&R recommending this Court deny defendant's motion to withdraw his guilty plea. (Doc. 64).

### III.  STANDARD OF REVIEW

The Court reviews Judge Roberts' R&R pursuant to the statutory standards found in Title 28, United States Code, Section 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

2

> magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b) (stating identical requirements). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen de novo review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620–19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R.Rep. No. 94–1609, at 3, reprinted in 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect Section 636(b))). Thus, although de novo review

generally entails review of an entire matter, in the context of Section 636 a district court's required de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask." (emphasis added)).

Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger de novo review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has concluded that general objections require "full de novo review" if the record is concise. *Id.* ("Therefore, even had petitioner's objections lacked specificity, a de novo review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this Court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Ass'n, Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate.").

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990)

(noting the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed).

The Court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Med. Clinic, P.C.*, 498 F.3d 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this Court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need

only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the Court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153–54. Thus, although a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.

## IV. ANALYSIS

In his R&R, Judge Roberts found that, although there was some minor discussion about the proper reading of the drug quantity element at defendant's change of plea hearing, the element was read correctly. (Doc. 64, at 2-5). Moreover, defendant agreed he understood the element and was guilty of it. (*Id.*). Judge Roberts also noted that although there was a minor typographically error in the Rule 11 letter—the omission of the word "of" in the drug element—this error did not appear to impact defendant's plea in any way. (*Id.*). Judge Roberts concluded defendant failed to offer any evidence or reason as to why he was confused about this element in light of his statements at the change of plea hearing and in the plea agreement. (*Id.*, at 5–12). Judge Roberts also found defendant's current claim of dissatisfaction with defense counsel to be inconsistent with his prior statements. (*Id.*). Thus, Judge Roberts concluded there was no fair and just reason warranting withdrawal. (*Id.*, at 12). Further, Judge Roberts concluded the circumstances also do not warrant withdrawal. (*Id.*, at 12–14). Specifically, Judge Roberts noted defendant's claim of innocence was not initially raised and was merely an unadorned pro forma assertion, there was substantial delay in withdrawing the plea, and the government would be prejudiced by withdrawal. (*Id.*). Judge Roberts highlighted defendant's statement in an earlier pro se filing that defendant signed the plea agreement

6

to avoid a longer sentence but now that he is undergoing a divorce he has "nothing else to lose." (*Id.*, at 6) (quoting (Doc. 49)). Judge Roberts suggests this is defendant's true reason for moving to withdraw his plea.

In his objections, defendant argues Judge Roberts erred in three respects. (Doc. 69). First, defendant maintains he did not understand the drug quantity element of the offense at the time he pleaded guilty despite assistance from the Court and the government. (*Id.*, at 2). Defendant also notes defense counsel argued this issue at the hearing on his motion to withdraw. (*Id.*, at 2-3). Second, defendant asserts his unsupported claim of innocence should be considered sufficient here because offering testimony on his innocence risks an enhancement for obstruction of justice or claim of perjury by the government. (*Id.*, at 3). Last, defendant argues the government would not be prejudiced by withdrawal because there is no evidence the government expended substantial time and resources preparing for trial in this case. (*Id.*, at 3-4).

A defendant has no absolute right to withdraw a guilty plea. *See United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). A district court may allow a defendant to withdraw his guilty plea if he shows a "fair and just reason," FED. R. CRIM. P. 11(d)(2)(B), but a guilty plea should not "be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). "'The defendant bears the burden of showing fair and just grounds for withdrawal.'" *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009) (quoting *United States v. Mugan*, 441 F.3d 622, 630–31 (8th Cir. 2006)). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)). "Even if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between

7

the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (quoting *Nichols*, 986 F.2d at 1201). "Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." *Id.*

First, the Court agrees with Judge Roberts that there is no basis in the record to conclude defendant did not understand the drug quantity element at the time of his guilty plea. At the change of plea hearing, Judge Roberts correctly read the element to defendant. (Doc. 70, at 13). Defendant initially stated he did not understand whether the government had to prove 500 grams or more of a methamphetamine mixture as well as 50 grams of actual methamphetamine or whether the government had to only prove one of the two. (*Id.*). After consulting with the government, Judge Roberts informed defendant of the element again and clarified the government would have to prove "500 grams of a mixture or that mixture could also contain 50 grams of actual pure amphetamine." (*Id.*). Defendant stated "It can't be one or the other, okay. Yes, then." (*Id.*, at 14-15) (interruption omitted). Despite defendant's agreement, Judge Roberts reiterated that defendant should only agree to the element if he understood and admitted to it. (*Id.*, at 15). Defendant declined Judge Roberts' offer to review the element with defense counsel. (*Id.*). Judge Roberts then read the element to defendant again correctly using the word "and." (*Id.*, at 16). Defendant answered "Yes" when asked whether he understood the element and answered "Yes" when asked if he admitted the element was true here. (*Id.*). In short, defendant asked a question about the quantity element during his change of plea hearing, the Court correctly answered it, and defendant affirmed he understood it. Because the record does not support defendant's assertion of confusion, the Court finds this argument does not constitute a fair and just reason for withdrawal.

Second, the Court agrees with Judge Roberts that defendant's unsupported assertion of innocence alone does not constitute a fair and just reason to withdraw his guilty plea. Defendant acknowledges a "mere assertion of innocence, absent a substantial supporting record," is not a fair and just reason warranting withdrawal of a guilty plea. *See United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir. 1992); *see also* (Doc. 69, at 3). The Court is not aware of, and defendant does not cite, any authority holding a mere assertion of innocence is sufficient without a supporting record if there is a risk the defendant may receive an enhancement for obstruction of justice or a separate charge of perjury. Indeed, following this logic would fundamentally undermine the requirement that such assertions of innocence be substantially supported. The Court cannot, in the face of binding precedent and no factual support whatsoever, find defendant's assertion of innocence alone to be sufficient. Thus, the Court finds defendant's assertion also does not constitute a fair and just reason for withdrawal.

Last, the Court also agrees with Judge Roberts that the government would be prejudiced by withdrawal here. Defendant argues the government would suffer no prejudice because this case is simple in nature. (Doc. 69, at 3-4). Although this case is not as complex as *United States v. Miell*, 711 F. Supp. 2d 967 (N.D. Iowa 2010) as defendant asserts (Doc. 69, at 3-4), complexity is not the only consideration. Defendant entered his guilty plea just two weeks before trial. (Docs. 20 & 21). The government notes it had already notified potential jurors and served witnesses. (Doc. 55, at 7). The Court agrees with Judge Roberts that requiring the government to duplicate this work would be prejudicial. (Doc. 64, at 13-14) (citing *United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999)). Moreover, withdrawal would backtrack much of the work done by the government and the USPO in preparation for sentencing. (Docs. 26 & 29) (containing defendant's draft and final PSRs). Although the prejudice to the government here would not be overwhelming, it is significant. Even so, defendant's argument on

9

this issue does not assert a fair and just reason for withdrawal, but rather that the absence of prejudice should permit withdrawal as a result of some other fair and just reason. Thus, even if the Court found the government would not be prejudiced, the absence of a fair and just reason for withdrawal above shows withdrawal is not warranted. *See Ramirez-Hernandez*, 449 F.3d at 826.

For these reasons, the Court cannot identify a fair and just reason to justify the withdrawal of defendant's guilty plea at this stage. *See* FED. R. CRIM. P. 11(d)(2)(B). Even if a fair and just reason was present, the Court notes the relevant factors weigh against withdrawal here. *See Ramirez-Hernandez*, 449 F.3d at 826. Although defendant now maintains his innocence, he has presented no evidence which contradicts his prior admissions. *See, e.g.*, *United States v. Cruz*, 643 F.3d 639, 643 (8th Cir. 2011) (finding defendant "presented no convincing evidence to establish that his prior admissions of guilt were untrue."); *United States v. Goodson*, 569 F.3d 379, 383 (8th Cir. 2009) (holding that a "mere assertion of innocence" is insufficient to warrant withdrawal of a guilty plea). There was a significant length of time between defendant's guilty plea on December 2, 2019, and eventual motion to withdraw on April 20, 2020. (Docs. 21 & 52). The government would also suffer prejudice from a change in plea at this stage. Given defendant's unsupported assertion of innocence, delay in moving to withdraw his plea, and the prejudice posed to the government, the Court finds the factors favor denying withdrawal. *See Ramirez-Hernandez*, 449 F.3d at 826.

10

Case 1:19-cr-00086-CJW-MAR   Document 73   Filed 05/29/20   Page 10 of 11

## *V.* **CONCLUSION**

For these reasons, the Court finds defendant has not shown a fair and just reason to set aside his guilty plea. *See* FED. R. CRIM. P. 11(d)(2)(B). Thus, the Court **overrules** defendant's objections (Doc. 69), **adopts** Judge Roberts' R&R without modification (Doc. 64), and **denies** defendant's motion (Doc. 52).

**IT IS SO ORDERED** this 29th day of May, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa